1 iKUHN, Judge,
concurring.
I concur with the reasoning of the majority and assigri additional reasons.
. I write separately to underscore the fact that the actual issue before this court is simply a determination of which branch of our state government is empowered to execute a land-based, casino contract. Both these lawsuits have been instituted by members of the state legislature who seek clarification of the laws that have been enacted. The only role of this court in this case is to interpret the law as written. The court should not endeavor to establish the policy of state government.
The Louisiana Gaming Control Board (“Board”) is the successor to a public corporation owned by the citizens of this state. See R.S. 27:31 & 204. Although it is not technically a state “agency,” it certainly is a legal entity authorized by our legislature to act on behalf of the state in a manner similar to an agency within the executive branch of government. The legislation authorizing the *964 Board to set aside or renegotiate the provisions of a casino operating contract when the operator is placed in bankruptcy was among the statutes re-designated to Title 27, Chapter 5 of the Revised Statutes, by Acts 1996, 1st Ex.Sess., No. 7, § 3. By the re-designation, the legislature recognized the existence and the validity of all the provisions of the legislation formerly set forth at La.R.S. 4:601-686. Therefore, it |2cannot reasonably be argued that that La.R.S. 27:245 (which is the current designation of the statute giving the Board power to set aside and renegotiate the provisions of a casino operating contract when the operator has been placed in bankruptcy) was impliedly repealed by Acts 1996, 1st Ex.Sess., No. 7; likewise, the suggestion that any other statute at issue in this appeal is a later expression of legislative will is without merit.[1]
In my opinion, our only legitimate role in this case, determining which branch of our government is empowered to execute a land-based casino contract, has been answered, which is the appropriate and proper function of the court.

. The argument that the amendment to La.R.S. 27:224(D) & (E) is the later expression of the legislative will incorrectly assumes as its premise that the date of governor approval is the date of expression of legislative will. Clearly, 'in this situation where, in the same extraordinary session, the legislature enacted Acts 1996, 1st Ex. Sess., No. 7 (approved by the governor on May 1, 1996) and No. 58 (approved by the governor on May 9, 1996) based on House Bill Nos. 8 and 9, respectively, both of which were delivered to the governor's office on April 23, 1996, at 2:30 P.M., see Const. Art. 4, § 4(F), the date of the governor's approval cannot determine the date of expression of the will of the legislature.